UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONALD ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-00007 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Ronald Elliott brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 4.) On October 4, 2005, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 16.)

Elliott's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $15,295.50 for his representation of Elliott in federal court.[1] (Docket # 22.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee will be reduced to $8,991.90.

### *A. Relevant Factual and Procedural Background*

On January 5, 2005, Shull and Elliott entered into a contingent-fee agreement for Shull's representation of Elliott in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award

---

[1] The Commissioner has not filed a response to Elliott's motion.

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") Ex. E.) Under the agreement, Elliott agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Pl.'s Supp. Mem. Ex. E.)

On October 4, 2005, Elliott received a favorable judgment from this Court, and his case was remanded to the Commissioner for further proceedings. (Docket # 16, 17.) Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 20.6 hours he spent advocating Elliott's claim in federal court. (Docket # 18-20.) The Court awarded Shull $3,151.80 in EAJA fees.[3] (Docket # 21.)

On December 26, 2007, the Commissioner awarded disability benefits to Elliott and his family beginning July 2002; as a result, Elliott received $106,399.12 in back benefits and $70,410 in family back benefits. (Pl.'s Supp. Mem. Exs. A-D.) On July 25, 2008, Shull filed the instant motion, seeking the Court's authorization of a payment of $15,295.50 in attorney fees from Elliott to Shull pursuant to the contingent-fee agreement. (Docket # 22-23.)

## B. *Legal Standard*

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[4] the

---

[3] Shull further explains that Elliott was represented at the administrative level by Attorney Thomas Knight and that Knight received $5,300 in attorney fees for his representation pursuant to 42 U.S.C. § 406(a).

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

2

fees awarded under § 406 are charged against the claimant, not the government. *Id.*

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that can be awarded by the Commissioner pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the

---

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

> extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807 (citations and footnote omitted).

### *C. Discussion*

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $15,295.50 pursuant to his contingent-fee agreement for his representation of Elliott in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Elliott's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating his requested fee, Shull starts with $15,295.50, which is an amount well below twenty-five percent of the $176,809.12 in past benefits awarded to Elliott and his family. Shull does not explain why he seeks an amount significantly less than the twenty-five percent contracted fee; presumably, it is because Shull recognizes that he is limited to "a reasonable fee" for his representation and that the Court would find a higher amount unreasonable. In any event, Shull explains that an award of $15,295.50 is reasonable for the 20.6 hours he spent representing Elliott in federal court, considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he achieved an excellent result for Elliott; and (4) he provided Elliott with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability

law. (Pl.'s Supp. Mem. 8-12, Exs. F, G.)

The Court is persuaded, at least in part, by Shull's argument in support of his fee. Indeed, the requested amount of $15,295.50 when added to $5,300, the amount awarded by the Commissioner for representation during the administrative proceedings, is significantly less than twenty-five percent of Elliott's past-due benefit award. Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Elliott.

Furthermore, Shull obtained a significant result for Elliott and undoubtedly provided him with quality representation. This Court is well aware of Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Pl.'s Supp. Mem. Ex. F (describing in detail Shull's professional experience in the area of social security law).)

Nonetheless, the Court will not award Shull the entire fee that he requests because the fee is not "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. To explain, Shull seeks $15,295.50 for 20.6 hours of work, which equates to an "effective rate" of $742.50 per hour. This type of benefit seemingly constitutes a windfall, as "the benefits are large in comparison to the amount of time [he] spent on the case." *Id.*

Perhaps anticipating the Court's reasoning, Shull argues that he really is seeking an "actual effective rate" of $589.50 per hour, not $742.50 per hour. (Pl.'s Supp. Mem. 11-12.) In that vein, Shull subtracts the $3,151.80 in EAJA recovery *before* calculating his "effective rate," arriving at an "actual effective hourly fee" of $589.50. (Pl.'s Supp. Mem. 11.) However, as discussed *supra*, the lesser of the amount of attorney fees awarded under § 406(b) and the EAJA must be refunded to the claimant, as the fee awards under each statute are derived from the same 20.6 hours of legal work. Thus, the amount of Shull's EAJA recovery should not be included in his "effective rate" computation, as it simply constitutes the "lesser" of the two fees to be

5

refunded to Elliott.

Setting aside his methodology, Shull's request for an award that equates to $589.50 per hour is indeed reasonable for a contingent-fee recovery. Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $275.00 is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Jackson Aff. ¶ 8.) Considering that a contingent fee involves a substantial risk of loss, we think a contingent fee with an "effective rate" twice that of a non-contingent fee does not appear unreasonable.[6] *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

When multiplying an "effective rate" of $589.50 per hour by Shull's 20.6 hours of representation, we arrive at a fee of $12,143.70, which must then be offset by $3,151.80, the amount of the EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796. This results in a fee award to Shull in the amount of $8,991.90, which the Court concludes is reasonable in this instance. Moreover, this result is consistent with several prior decisions by

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argued in his supporting memorandum that his requested "effective rate" per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

this Court awarding Shull fees pursuant to § 406(b) that reflect similar hourly rates. *See Arenas v. Comm'r of Soc. Sec.*, No. 1:01-cv-399 (N.D. Ind. May 2, 2007) (awarding a fee equating to $492 per hour); *Keck v. Comm'r of Soc. Sec.*, No. 1:04-cv-455 (N.D. Ind. Apr. 23, 2007) (awarding a fee equating to $546 per hour); *Brown v. Comm'r of Soc. Sec.*, No. 1:03-cv-160 (N.D. Ind. Jan. 19, 2007) (awarding a fee equating to $578 per hour).

Therefore, Shull's requested fee under § 406(b) will be authorized by this Court but will be reduced from $15,295.50 to $8,991.90.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 22) is GRANTED, except that his requested fee of $15,295.50 is reduced to $8,991.90, which includes an offset for Shull's prior receipt of EAJA fees.

SO ORDERED.

Enter for this 28th day of August, 2008.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge